This is a suit in which plaintiff, acting in his official capacity as Fire Marshal for the State of Louisiana, seeks the issuance of a preliminary writ of injunction restraining defendant from maintaining an alleged fire hazard on his premises in the Town of Coushatta, Red River Parish, Louisiana.
The facts show that defendant maintains and operates a small wood-working shop on his premises near the rear of his home in connection with which he operates a five horse power gasoline engine, the fuel for which, amounting to about three gallons, is contained in a tank in the rear of the engine. The engine rests on wooden sills located near the center of a frame building, which building is open at each end but connected on either side with adjacent frame buildings, one of which is the dwelling of the defendant. The exhaust of the engine extends into an open space. Several feet in front of the engine there is a saw, apparently operated by a belt and pulley arrangement, and under this saw, during operation, wood shavings fall to the dirt floors.
Plaintiff based his charges of the creation of a fire hazard upon the operation of the engine "by the use of explosive fluid, namely gasoline", and the consequent danger of causing "the frame structure and accumulated shavings and sawdust to be set afire, thereby causing damage and injury both to persons and property".
On date of September 15, 1944, and again on October 9, 1944, plaintiff notified the defendant in writing "to remove the sawdust and shavings, to cease using the said gas engine in its present location and to remove the same to a location at least eighty feet from neighboring properties". So far as the record discloses, defendant paid no attention to these notices, making no effort either to comply therewith or to seek revocation or modification thereof, and, accordingly, the present action seeking to enforce compliance with these orders was filed November 30, 1945.
Defendant filed a three line answer to plaintiff's petition, in which answer he denied each and every allegation of the petition, and on these pleadings trial was had.
After hearing the testimony of witnesses the District judge made a personal inspection of the premises in question, and upon the basis of facts adduced at the trial and the result of this inspection, rendered judgment, supported by written opinion, rejecting plaintiff's demands, from which judgment plaintiff appeals.
[1] In support of plaintiff's appeal it is argued that a court may not substitute its own judgment for that of a State official, to whom certain power and authority has been delegated by the Legislature in the absence of evidence that such official has acted in an arbitrary or unlawful manner. We concede the correctness of the *Page 187 
basic premise involved in this contention without further discussion.
[2] It is also argued on behalf of plaintiff that under the authority of Act No. 26 of 1914, § 5, Dart's Statutes, Sec. 3543, and Act No. 159 of 1944, § 3, Dart's Statutes, Sec. 3527.3, the Fire Marshal of the State of Louisiana is clothed with the necessary power and authority to determine the existence of fire hazards and to take action to remedy such situations. We also concede the correctness of the general proposition comprehended by this statement.
[3, 4] As pointed out in brief of appellant's counsel, the provisions of Act No. 26 of 1914 have been upheld as valid and enforceable in the cases of Zibilich v. Rouseo, 166 La. 547,117 So. 586, and Simms v. Liuzza, 168 La. 714, 123 So. 301. We think there is no question as to the right of the properly constituted officials to enforce the provisions of the acts to which reference has been made, and certainly the right of injunction for the purpose of restraining or effecting the abolition of a fire hazard must be recognized in the interest of public safety and welfare.
But it must be remembered that injunction is an extraordinary remedy and its application should be restricted to those instances in which the hazard is clearly established. We do not find this to be the case under the facts involved in the cause before us.
[5] While, as stated above, courts are not at liberty to substitute their opinions in lieu of the considered determinations made by State Boards and officials, nonetheless, courts are bound to adopt conclusions and render judgments based upon the weight and the preponderance of the evidence adducd in each instance, else the review by courts of the acts of administrative bureaus, boards and officials would be a futile gesture.
In the instant case the only basis for the qualification of plaintiff's only witness, a Deputy State Fire Marshal, as an expert, is found in the fact that, in the performance of his duties of investigating fires and inspecting buildings, he is charged with the responsibility of determining the existences of fire hazards, and that he has had eight years experience in the performance of these duties. This witness testified that, in his opinion, a fire hazard existed but he did not attempt to substantiate his opinion by giving any details as to the reasons upon which he based such opinion. On cross-examination the witness was rather vague as to particularizations bearing upon the existence of a fire hazard.
Defendant testified that he had been operating the engine on the premises, with reference to which the complaint was made, for a period of 17 years, during which time there had been no fire, nor indication thereof, resulting from its operation. This testimony was supported and corroborated by two other witnesses presented on behalf of the defendant. In addition to this testimony the inspection of the District judge led him to the conclusion that no appreciable fire hazard existed.
Plaintiff's claims to injunctive relief of an allegedly dangerous and hazardous situation are materially weakened by the fact that his action to relieve such a situation was not initiated for well over a year following the inspections and the notices given defendant. Obviously, it must be concluded that a zealous public official would not permit the lapse of such an extended period of time without proceeding against the defendant either by the filing of criminal charges or through civil action for the abatement of the hazard, if, in his opinion, it was sufficiently serious and dangerous to public safety to warrant either of such proceedings.
We have not been favored, either by oral argument or brief, with the contentions of defendant's counsel in this case, and, therefore, can only assume that he rests upon the strength, of the facts in support of defendant's case.
[6] Only because, in our opinion, plaintiff has failed to make out his case as to the actual existence of a fire hazard under the facts and circumstances involved, we find that the judgment appealed from is correct.
For the reasons set forth, the judgment is affirmed at appellant's cost. *Page 188